David J. McGlothlin, Esq. (SBN: 026059)
David@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
Shannon James

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon James,<br><br>                    Plaintiffs,<br><br>v.<br><br>Law Office of Curtis O Barnes, PC<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Shannon James, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Office of Curtis O Barnes, PC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant is located in California, they are subject to the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural persons who resides in the Bullhead City, County of Mohave, State of Arizona.

12. Defendant is located in the City of Anaheim, the County of Orange, and the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

18. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

19. At all times relevant, Defendant conducted business within the State of Arizona and California.

20. Sometime before April 1, 2010, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before April 24, 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently disputes the validity of this alleged debt.

24. Subsequently, but before April 24, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about April 24, 2010, Defendant began making collection calls in an attempt to collect the debt.

26. These calls were a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. On or about April 24, 2010, Defendant's agent, called Edward Hester in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

28. During this conversation, Defendant's agent, stated he was calling from a law firm, and then implied that the call was regarding Plaintiff's ex-husband and their child custody arrangement. Defendant then left a call back number to be given to Plaintiff.

29. Edward Hester is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines

that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

30. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

31. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

34. On or about April 24, 2010, Defendant's agent, called Tiphanie Hester in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

35. During this conversation, Defendant's agent, stated he was calling from a law firm, and they were attempting to collect a debt. They also stated that Plaintiff

1   had used Ms. Hester as a reference. Defendant then left a call back number to
2   be given to Plaintiff.
3   36. Tiphanie Hester is a third party, as that phrase is anticipated by 15 U.S.C.
4   §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines
5   that term.  This communication to a third party was without prior consent, or
6   the express permission of a court of competent jurisdiction, or as reasonably
7   necessary to effectuate a post judgment judicial remedy, and was in
8   connection with the collection of the alleged debt, and with a person other
9   than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,
10  the attorney of the creditor, or the attorney of the debt collector.  This
11  communication to this third party was not provided for in 15 U.S.C. § 1692b.
12  By making said communication to a third party, Defendant violated 15 U.S.C.
13  § 1692c(b).
14  37. Because this action violated the language in the language in 15 U.S.C. §
15  1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it
16  incorporates 15 U.S.C. § 1692c(b).
17  38. Defendant communicated with a person other than the consumer for the
18  purported purpose of acquiring location information and stated that the
19  consumer owed a debt.  Consequently, Defendant violated 15 U.S.C. §
20  1692b(2).
21  39. Because this action violated the language in the language in 15 U.S.C. §
22  1692b(2), Defendants also violated Cal. Civ. Code § 1788.17 as it
23  incorporates 15 U.S.C. § 1692b(2).
24  40. These statements were a false, deceptive, or misleading representation or
25  means in connection with the collection of the alleged debt.  As such, this
26  action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because
27  this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also
28  violated Cal. Civ. Code § 1788.17.

**HYDE & SWIGART**
Phoenix, Arizona

41. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

43. On or about April 24th or 25th, 2010, Defendant's agent, called Plaintiff's coworker in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

44. During this conversation, Defendant's agent, left a call back number to be given to Plaintiff.

45. Plaintiff's coworker is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

46. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

47. On or about April 24th or 25th, 2010, Defendant's agent, called Plaintiff's coworker's ex-wife in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

48. During this conversation, Defendant's agent, left a call back number to be given to Plaintiff.

49. Plaintiff's coworker's ex-wife is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

50. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

51. On or about April 24th or 25th, 2010, Defendant's agent, called Plaintiff's coworker's wife in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

52. During this conversation, Defendant's agent, claimed Plaintiff had used this person as a reference. Defendant then left a call back number to be given to Plaintiff.

53. Plaintiff's coworker's wife is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.   This communication to a third party was without prior

consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

54. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

55. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

56. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

57. Plaintiff works in law enforcement, and at various times interacted and arrested criminals on almost a daily basis. After hearing about all of these third party contacts, Plaintiff became afraid that she was being stalked by someone. This caused her to suffer loss of sleep, fear for her safety as well as the safety of her children, fear of answering the door or telephone, stress, anxiety, nervousness, all impacting her job and personal relationships.

58. On or about April 29, 2010, Plaintiff returned Defendants call.

59. During this conversation, Defendant threatened to garnish Plaintiff's wages.

60. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

62. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

63. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

64. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

65. During this same conversation, Plaintiff was transferred to Defendant's agent, Ms. Santoyo. Plaintiff then informed Defendant that this was not her debt, but was incurred by her ex-husband, without Plaintiff's permission.

66. Defendant's agent then stated that Plaintiff would have to "file fraud charges" against Plaintiff's ex-husband, and his actions were a "federal offense," further stating "You'd have to pursue and press charges, he'd be arrested," or Plaintiff could pay this debt voluntarily.

67. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because

this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

68. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

69. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

70. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

71. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

72. Due to Defendant's actions, Plaintiff has suffered a great deal of mental anguish including but not limited to the following symptoms: fear, embarrassment, humiliation, stress, anxiety, feelings of guilt, helplessness, hopelessness, sleeplessness which all impacted her job and personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

73. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

74. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

75. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each plaintiff; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

76. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

77. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

78. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each plaintiff; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

//
//
//

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

79. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

80. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each plaintiff;

81. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

82. An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

83. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each plaintiff;

84. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

85. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 6, 2010            **Hyde & Swigart**

By: /s/David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff